IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACKSON KIELB,      )
            )
   Plaintiff,     )
            )
v.           ) Civil Action No.:
            )
PRO TAE KWON DO OF TOWER  )
SQUARE, INC. and     )
ERIK J. MAGBANUA,    )
            )
   Defendants.    )
_____)

## COMPLAINT

COMES NOW the Plaintiff, JACKSON KIELB ("PLAINTIFF"), and files this Complaint against DEFENDANTS, PRO TAE KWON DO OF TOWER SQUARE, INC. ("DEFENDANT TKD"), and ERIK J. MAGBANUA ("DEFENDANT MAGBANUA") (collectively "DEFENDANTS") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, compensatory damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violation of the Fair Labor Standards Act ("FLSA") breach of contract and battery.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT TKD was a Florida corporation that operated a martial arts school in Gainesville, Florida and PLAINTIFF performed work for DEFENDANT TKD in Gainesville, Florida.

4. At all material times, DEFENDANT MAGBANUA owned and operated the martial

arts school identified in the previous paragraph.

## **BACKGROUND**

5.  PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

6.  At all relevant times, DEFENDANTS acted individually with respect to DEFENDANT MAGBANUA and through their officers, agents, servants and employees.

7.  Upon information and belief, at all relevant times, DEFENDANTS had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

8.  Upon information and belief, at all relevant times, DEFENDANT MAGBANUA had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions and was an employer within the meaning of the FLSA.

9.  At all relevant times, DEFENDANT TKD was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

10. Upon information and belief, at all relevant times, DEFENDANT TKD had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

12. In or around September 2019, DEFENDANT TKD hired PLAINTIFF to work as a teacher and agreed to pay him at a rate of minimum wage.  PLAINTIFF continued in

that capacity until DEFENDANT TKD (through DEFENDANT MAGBANUA) suspended PLAINTIFF in August 2021 for two months then brought him back on a salary basis during which he was paid $2,000 per month.  PLAINTIFF continued in the salaried capacity until he was constructively discharged by DEFENDANTS on or about April 1, 2022.

13.  The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and overtime when they work more than 40 hours per week in a non-exempt position.

14.  Beginning in April or May 2020, PLAINTIFF worked 50 hours per week for DEFENDANTS but was not paid overtime or typically at all for the hours he worked beyond 40.  In that regard, PLAINTIFF was typically paid for 40 hours each week despite working though his lunch break, attending special events on Saturdays (which should have been his day off) and performing work from home as well as running errands like shopping all of which were performed off the clock.

15.  When salaried, PLAINTIFF worked Monday to Friday from 12:00 p.m. until 9:00 p.m. and worked through his lunch break.  He also attended after hours staff meetings, worked from home and worked on Saturdays.   He estimates that he typically worked 50 hours per week for DEFENDANT TKO when he was salaried.

16.  Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF in accordance with the minimum wage and overtime provisions of the FLSA.

17.  PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate rates by DEFENDANT, who willingly and knowingly withheld those

wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT -BOTH DEFENDANTS

18.    The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19.    DEFENDANT TKO regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

20.    At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to the provisions of the Act.

21.    PLAINTIFF, at all relevant times was an employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive compensation.

22.    During his employment with DEFENDANTS, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the minimum wage provisions of the Fair Labor Standards Act by not paying PLAINTIFF for ten hours per week when he was an hourly employee and for his overtime when he was a salaried non-exempt employee.

23.    Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

24.    DEFENDANTS' failure to compensate PLAINTIFF for his time worked violates the minimum wage and overtime provisions of the FLSA and the regulations thereunder.

25.    DEFENDANTS' failure to compensate PLAINTIFF for his time worked was a willful

and knowing violation of the Act.

26.     As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

27.     Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF back pay at a rate of minimum wage, back pay at an overtime rate and additional equal amounts as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

28.     All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees, costs of litigation and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT-DEFENDANT TKD

29.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

30.     PLAINTIFF and DEFENDANT TKD entered into an agreement pursuant to which PLAINTIFF was to be paid an hourly rate of at least minimum wage for every hour he worked between September 2019 and September 2021.  In addition, DEFENDANT TKD agreed to pay PLAINTIFF a $100 bonus for each individual he referred who signed a one-year contract for classes with DEFENDANT TKD.

31.     PLAINTIFF performed as agreed pursuant to his agreement with DEFENDANT TKD,

but DEFENDANT TKD breached the agreement by not paying PLAINTIFF for ten hours per week when he earned minimum wage and for at least two referral bonuses.

32.    As a result of DEFENDANT TKD'S failure to pay PLAINTIFF properly, he has suffered delay in receipt of his wages and has been required to retain an attorney to help get his pay and DEFENDANT TKD is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT TKD and respectfully prays the Court that PLAINTIFF will recover unpaid wages and bonuses/commissions, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT TKD'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BATTERY-DEFENDANT MAGBANUA

33.    The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

34.    On many occasions, DEFENDANT MAGBANUA physically disciplined PLAINTIFF throughout his employment.  This included leg kicking, punching in the arm in a manner designed to cause pain, putting him in a wrist lock that caused his wrist to be sprained and humiliating him by forcing him to perform burpees on many occasions. Often these punishments were inflicted in front of others and designed to humiliate PLAINTIFF.

35.    PLAINTIFF did not consent to the above-described conduct.

36.    The above-described conduct by DEFENDANT MAGBANUA was intended to physically harm and/or humiliate PLAINTIFF and PLAINTIFF suffered personal

injury and humiliation as a result.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT MAGBANUA and respectfully prays the Court that PLAINTIFF will recover compensatory damages, damages for pain and suffering, emotional distress, humiliation, nominal relief, punitive damages, and other relief by reason of DEFENDANT MAGBANUA'S battery; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  April 13, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**_____
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF