IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| JACKSON KIELB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:22-cv-00087-MW-GRJ |
| | ) |
| PRO TAE KWON DO OF TOWER SQUARE, INC. and ERIK J. MAGBANUA, | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JACKSON KIELB and Defendants, PRO TAE KWON DO OF TOWER SQUARE, INC. ("DEFENDANT TKD"), and ERIK J. MAGBANUA ("DEFENDANT MAGBANUA") (collectively "the Parties"), jointly request that this Honorable Court approve the Parties' settlement of the above-captioned matter and dismiss this matter with prejudice. A copy of the settlement agreement between the Parties is attached as Exhibit "A."

**I.**   **Legal Principles and Settlement**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second,

1

in the context of a private lawsuit brought by an employee or former employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee's FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of this case involves a situation in which the Court may approve the Parties' settlement. The proposed settlement arises out of an action brought by the Plaintiff against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendant were both represented by counsel experienced in FLSA matters.

The Parties agree that the instant action involves disputed issues. Such issues included whether the Defendants failed to pay Plaintiff minimum wage and overtime and, if so, the extent to

which Plaintiff is owed compensation, whether Defendant TKD is subject to enterprise coverage under the FLSA and whether liquidated damages were appropriate against either Defendant.

Plaintiff was employed by Defendants, as a martial arts instructor. Defendants maintained that the primary role in performance of his duties was educational so that Plaintiff was exempt under the FLSA minimum wage and overtime provisions. Plaintiff disputed this and maintained that he performed primarily exempt job functions. Plaintiff averred that he worked off the clock as set forth in the Complaint and Defendants maintained they had witnesses who would testify Plaintiff was compensated for all the hours he worked, and that Plaintiff performed personal errands while on the clock. Defendant TKD also claimed its revenue was too low to qualify for enterprise coverage although Plaintiff contends that TKD nevertheless would have been liable to Plaintiff because individual FLSA coverage existed.

Plaintiff's initial calculation of his damages as set forth in the demand to Defendants was:

10 hours per week x $5 (halftime) x 2 (liquidated damages) x 24 weeks = $2,400

70 weeks x $7.25 (minimum wage) x 1.5 (overtime) x 10 hours per week off the clock x 2 (liquidated damages) = $15,225

After exchanging settlement offers, initial disclosures and other information and several discussions between counsel negotiating in good faith, the Parties agreed to settle this case. As part of that settlement, the Parties agreed that Defendants will pay $1,777.50 to Plaintiff for back pay and $1777.50 for liquidated damages. Also, counsel for Plaintiff will receive $2,000 in attorney's fees and $445 in costs which include the $402 filing fee and costs of service. With regard to attorney's fees, Plaintiff's counsel bills at $350 per hour and claimed to have spent 7 hours on this matter as of the preparation of this motion.

The parties agree this is a fair and reasonable settlement of Plaintiff's claim with the disputed issues and facts in the case and represents a reasonable compromise of the Plaintiff's FLSA claims. The Parties negotiated the damages, fees, and costs separately so this Court should approve the settlement. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

**WHEREAS,** for the reasons more fully explained herein, the Parties jointly and respectfully request that this Court approve the settlement agreement between Plaintiff and Defendant and dismiss the instant action with prejudice.

Respectfully submitted this 1st day of August 2022.

| | |
|---|---|
| /s/ Angelo M. Filippi | /s/ Matthew W. Birk |
| KELLEY KRONENBERG, P.A. | The Law Office of Matthew Birk, LLC |
| Angelo Filippi, Esq. | Matthew W. Birk, Esq. |
| Counsel for Defendants | Counsel for Plaintiff |
| 10360 West State Road 84 | 309 NE 1st Street |
| Fort Lauderdale, Florida 33324 | Gainesville, FL 32601 |
| Tel: (954) 370-9970 | Tel: (352) 244-2069 |
| Fax: (954) 333-3763 | Fax: (352) 372-3464 |
| afilippi@kelleykronenberg.com | mbirk@gainesvilleemploymentlaw.com |

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to counsel for the Defendant this 1st day of August 2022.

                                          **/s/ Matthew W. Birk**
                                          Matthew W. Birk